368 So.2d 1185 (1979)
Raymond DORNAK, Plaintiff-Appellant,
v.
LAFAYETTE GENERAL HOSPITAL et al., Defendants-Appellees.
No. 6888.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1186 Edward J. Milligan, Jr., Lafayette, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Timothy J. McNamara, Lafayette, for defendants-appellees.
Before WATSON, SWIFT and STOKER, JJ.
WATSON, Judge.
This is an appeal by plaintiff, Raymond Dornak, from a trial court judgment dismissing his suit against defendants, William Grun, Lafayette General Hospital and Continental Insurance Company, for failure to state a cause of action.
The petition alleges that Grun, an employee of the Lafayette General Hospital, the hospital and its insurer are liable to plaintiff for medical expenses and loss of earnings resulting from failure to inform plaintiff's wife that an x-ray taken at her preemployment physical disclosed a tubercular condition. It alleges that William Grun, acting within the course and scope of his employment at Lafayette General Hospital, was negligent: in failing to advise Ms. Dornak to return for further x-rays; failing to advise her of her condition; failing to inform her of the physician's report concerning the x-ray, with its serious implications; and failing to make further examinations and tests. It further alleges that, following the x-ray in August of 1974, the result of which was reported to the hospital, Ms. Dornak was employed as a nurse's aide at the hospital; that Ms. Dornak, therefore, assumed she was in good health and neglected to seek medical attention until she was hospitalized on May 26, 1977. It also states that she first discovered defendants' negligence in 1977 when she was told her tuberculosis was apparent on the x-ray taken in August of 1974.
The exception of no cause of action asserts that defendants did not undertake medical care, treatment or diagnosis of Ms. Dornak's illness and therefore owed no duty to her in connection with her alleged condition in August of 1974.
It is fundamental that:
"No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." LSA-C.C.P. art. 931.
The exception presents the question of whether, conceding the facts alleged to be true, the law affords a remedy to plaintiff. Kird v. New Orleans & N. W. R. Co., 105 La. 226, 29 So. 729 (1901).
While it is true that LSA-R.S. 23:13 requires employers to provide a safe place to work and to ". . . do every other thing reasonably necessary to protect the life, health, safety and welfare of . . . employees," the statute does not require an employer to have a prospective employee medically examined prior to his employment, particularly when there is no evidence that such an examination would have revealed the condition of which the employee later complains. Blue v. Bunge Corp., 225 So.2d 145 (La.App. 4 Cir. 1969). However, here there was a preemployment physical. When such a physical reveals a condition which requires treatment, does the employer have a duty to inform the employee of that condition?
The fact that the defendant employer is a hospital is immaterial to the question of whether plaintiff's petition states a cause of action. No higher duty should be placed on a hospital than other employers.
The rationale of Dowling v. Mutual Life Insurance Co. of New York, 168 So.2d 107 (La.App. 4 Cir. 1964) writ refused 247 La. 248, 170 So.2d 508 (1965) is applicable here. Both involve an allegation of failure to inform a party of a tubercular condition. Dowling decided that there was no duty on the part of the defendant insurance company to divulge the results of a physical examination to an applicant for insurance coverage. The lack of an employment relationship between the insurance company and the applicant is not sufficient to differentiate between Dowling and the present case.
The recent case of Devore v. Hobart Mfg. Co., 367 So.2d 836 (La., 1979) held that *1187 plaintiff Devore had no cause of action against her employer for negligent misrepresentation which was alleged to have caused a pecuniary loss. No affirmative duty rested on the employer to insure that the information furnished to plaintiff and her attorney about the identity of a third party was correct. If there was no duty in Devore to supply correct information, then it follows a fortiori that there is no duty arising from the employment relationship to supply any information at all.
We find the hospital had no duty and the exception was correctly maintained.
For the foregoing reasons, the judgment of the trial court herein is affirmed.
Costs on appeal are taxed against appellant.
AFFIRMED.