REDMANN, Judge.
Sued by Branton for extra insulation ordered for a building contract, Standard answered that, after a quotation by Branton, Standard ordered “as per plans and specifications for the [quoted] lump sum” which it paid, and therefore owed nothing. Standard then reconvened for its alleged losses from delays, etc., resulting from Branton’s failure to deliver timely the contract requirements. Standard also third-partied Pittsburgh (the insulation manufacturer), alleging that the damage was caused by Pittsburgh’s error in computing the quantities required by the plans and specifications and arguing that, if for any reason Branton is not liable for the damage, Pittsburgh is.
Standard now appeals from the dismissal on exception of no cause of action of its demand against Pittsburgh.
We reverse. Pittsburgh may be liable to Standard under La.C.C. 2315. When Pittsburgh undertook to calculate the quantities of its materials needed to perform the building contract, it presumably did so with the expectation that either Branton or Standard would rely on those calculations and purchase Pittsburgh’s materials and whichever did rely on Pittsburgh has a cause of action for any injury from that negligent misrepresentation of fact. Standard may not have relied on Pittsburgh’s misrepresentation but instead may have contracted with Branton (as at one point Standard alleges) that Branton supply “sufficient tapered foamglass as per plans and specifications” etc. If that is the Standard-Branton contract, then, in the absence of an allegation that Pittsburgh is somehow vicariously liable for Branton, no cause of action is stated against Pittsburgh. However, the petition is ambiguous as to the Standard-Branton contract. It alleges first that Branton made a quotation, presumably based on Pittsburgh’s misrepresentation of the amounts. The petition is silent as to whether Pittsburgh made the misrepresentation to Branton or to Standard who in turn furnished it to Branton. Then the petition alleges that Standard issued a purchase order, as quoted above. The petition does not clearly allege either (a) Branton made a specific offer by its quotation which was accepted by Standard’s purchase order, (b) Standard made a contract-requirements offer by its purchase order which was accepted by Branton’s performance, or (c) neither: that is, that the described offer-counteroffer did not result in a meeting of the minds and thus a contract because Branton thought (a) and Standard thought (b) was the situation. Unless clarified pleadings or trial shows that (b) is the case, Pittsburgh may be liable to Standard, depending on other facts.
We assume that the trial judge concluded no cause of action was stated because of the allegation that the Standard-Branton contract showed that Standard did not rely on Pittsburgh’s misrepresentation. As we have explained, we cannot agree that that conclusion is justifiable from the petition as it is worded.
Pittsburgh’s fault was its breach of the general duty not to do anything (in the absence of a legal right) which it knew or should have known would cause injury. It surely had no right to misrepresent the amounts required when it knew that Standard (or Branton) would rely on its misrepresentation; and it knew or should have known that their reliance on its misrepresentation would cause injury.
Although vaguely, the demand against Pittsburgh does state a cause of action.
Reversed.