STOKER, Judge.
The issue posed by this appeal may be stated as follows: Where a prospective employer requires a pre-employment physical examination and a physical examination performed as a result reveals a condition which requires treatment, does the employer have a duty to inform the employee of that condition? That question was answered in the negative in a previous case dealing with the exact same facts as those involved here. Dornak v. Lafayette General Hospital, 368 So.2d 1185 (La. App. 3rd Cir. 1979). The only differences in that ease (Raymond Dornak’s case) and this case of Lois Dornak are in the persons bringing suit and the damages sought.
Raymond Dornak is the husband of Lois Dornak and the latter is the party who was given the physical examination by the defendant hospital. The hospital was the prospective employer and also the medical facility at which the x-ray in question was given. In the case reported at 368 So.2d 1185, Raymond Dornak sued for medical expenses and loss of earnings. He was met with an exception of no cause of action, which was sustained by the trial court. We affirmed on the basis of Dowling v. Mutual Life Insurance Company of New York, 168 So.2d 107 (La. App. 4th Cir. 1964), writ refused, 247 La. 248, 170 So.2d 508 (1965) *48 and Devore v. Hobart Manufacturing Co., 367 So.2d 836 (La.1979). In the present suit Lois Domak seeks her own personal damages in the form of pain caused from having to undergo treatment for a tubercular condition, additional damage to her lungs she would not have suffered, emotional distress and depression.
The defendants, Lafayette General Hospital, William Grun and Continental Insurance Company filed exceptions of no cause of action, judicial estoppel and res judicata in response to Lois Dornak’s petition. The trial court sustained the exception and dismissed Lois Dornak’s suit against the defendants. For the reasons we gave in Raymond Dornak’s appeal, 368 So.2d 1185, we affirm.
Defendants answered Lois Dornak’s appeal and complained of the action of the trial court in overruling the exception of judicial estoppel and failure to rule on the exception of res judicata. We do not reach these issues.
In oral argument, plaintiff-appellant referred us to the case of Bran ton Insulation, Inc. v. Standard-Taylor Industries, Inc., 376 So.2d 178 (La. App. 4th Cir. 1979). Assuming this case would lend any support to plaintiff’s petition as asserting a cause of action, the Louisiana Supreme Court case of Devore v. Hobart Manufacturing Co., supra, would control over it.
Accordingly we affirm the judgment of the trial court. The costs of this appeal are assessed to plaintiff-appellant.

AFFIRMED.