399 So.2d 168 (1981)
Lois DORNAK
v.
LAFAYETTE GENERAL HOSPITAL, William Grun and Continental Insurance Co.
No. 80-C-2884.
Supreme Court of Louisiana.
May 18, 1981.
Rehearing Denied June 22, 1981.
Edward J. Milligan, Jr., Lafayette, for plaintiff-applicant.
*169 Timothy J. McNamara, Marilyn C. Castle, Graham N. Smith, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for defendant-respondent.
MARCUS, Justice.[*]
Mrs. Lois Dornak instituted this action for damages for personal injuries against Lafayette General Hospital, William Grun, its assistant administrator, and Continental Insurance Company, their general liability insurer. She alleged that defendants were negligent in failing to inform her that x-rays taken at her pre-employment physical examination disclosed a tubercular condition.
Defendants filed an exception of no cause of action asserting that they owed no legal duty to plaintiff under the circumstances to disclose her physical condition to her. Defendants also filed an exception of res judicata or judicial estoppel on the ground that a prior judgment in Dornak v. Lafayette General Hospital, 368 So.2d 1185 (La.App.3d Cir. 1979), barred the present action.[1] The trial court overruled the exception of judicial estoppel but sustained the exception of no cause of action and dismissed plaintiff's suit with prejudice. The Court of Appeal, Third Circuit, affirmed, agreeing with the trial court that plaintiff's petition failed to state a cause of action; however, it did not reach the issues raised by defendants' exception of res judicata or judicial estoppel.[2] On plaintiff's application, we granted certiorari to review the correctness of that judgment.[3]
Plaintiff alleges in her petition that on or about August 8, 1974, she sought employment as a nurses' aide with Lafayette General Hospital. As part of its pre-employment procedure, she was required to take a physical examination by a hospital physician which included a chest x-ray. The x-ray revealed a tubercular condition and a request was forwarded to the hospital's administrative department to have plaintiff return for further x-rays. Notwithstanding the facts that the x-ray revealed evidence of tuberculosis and a request had been made for further examination, the hospital failed to inform plaintiff of her condition or take any further action in regard to it. Plaintiff was subsequently employed as a nurses' aide at the hospital. During her employment, she experienced a persistent cough, nasal drip and hoarseness in her voice which progressively worsened until she was admitted to Our Lady of Lourdes for tests on May 26, 1977. Her physician examined the August 8, 1974 x-ray report which had been placed in plaintiff's personnel file and found that the chest x-ray revealed a tubercular condition. Plaintiff was then informed for the first time that she was suffering from tuberculosis. Plaintiff alleges that defendants were negligent in failing to inform her of her tubercular condition. She further alleges that had she been advised of the x-ray results and the request for further evaluation, she would have engaged medical treatment for the condition at that time; however, since she was never advised of the report and findings, her condition progressively worsened and she is now undergoing and will continue to undergo treatment for at least three years.
The courts below sustained defendants' exception of no cause of action on a finding that they owed no duty to plaintiff to inform her of her condition in August 1974. The narrow issue for our determination, then, is whether an employer owes a duty to a prospective employee who is subsequently hired by the employer to inform *170 him or her of a tubercular condition discovered during a required pre-employment physical examination. The issue is res novo to this court. If a duty is owed, then plaintiff's petition states a cause of action.
The standard of conduct required of persons in Louisiana in their relationships with one another as a basis of delictual liability is set forth in La.Civ.Code arts. 2315 and 2316.
Article 2315 provides:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Article 2316 provides:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Persons are liable for acts of commission and omission that cause damage to another under these articles if a duty imposed by the relationship of the parties is breached by such act or omission. We have stated in discussing whether a duty exists as a result of the relationship between the parties under the duty-risk analysis of tort liability that
[a]ll rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exist for purposes. They are designated to protect some persons under some circumstances against some risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises.
Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
We recognize at the outset that an employer generally owes no duty to a prospective employee to ascertain whether he or she is physically fit for the job sought. Nonetheless, where a prospective employer assumes such an undertaking, many jurisdictions have found the employer liable for injuries to employees resulting therefrom if the employer performs it negligently. Jines v. General Electric Co., 303 F.2d 76 (9th Cir. 1962); Union Carbide & Carbon Corp. v. Stapleton, 237 F.2d 229 (6th Cir. 1956); Betesh v. United States, 400 F.Supp. 238 (D.D.C.1974); Isgett v. Seaboard Coast Line Railroad Co., 332 F.Supp. 1127 (D.S.C. 1971); Coffee v. McDonnell-Douglas Corp., 8 Cal.3d 551, 105 Cal.Rptr. 358, 503 P.2d 1366 (1972); Wojcik v. Aluminum Co. of America, 18 Misc.2d 740, 183 N.Y.S.2d 351 (1959). See also Restatement (Second) of Torts, § 323 (1965) (obligation assumed by an employer is derived from the general principle that one who voluntarily undertakes to perform an action must do so with due care).
We conclude in the instant case that under the general principles of tort liability enunciated in La.Civ.Code arts. 2315 and 2316, defendants owed a duty to plaintiff to disclose the tubercular condition discovered during her pre-employment physical examination. The check x-ray revealing plaintiff's condition was under the care and custody of the hospital and its assistant administrator (Grun). To notify plaintiff of the findings would have been a simple matter not requiring the professional skill of a physician and not imposing an undue burden upon an administrative or personnel official of the hospital. While we do not consider that the hospital had any obligation to give plaintiff a pre-employment physical examination, once it undertook to do so and subsequently employed her, she was entitled to and did rely upon the expectation that she would be told of any dangerous condition actually disclosed by that examination, especially considering the fact that she was employed by the hospital to perform duties placing her in contact with co-employees and hospital patients.
In sum, we conclude that defendants owed a duty to plaintiff to protect her against the particular risk which allegedly caused injury to her. The duty owed was to inform plaintiff of her tubercular condition *171 discovered during a pre-employment physical examination. Hence, accepting the facts alleged in the petition to be true, plaintiff has stated a cause of action under Louisiana law.
Defendants also urge this court to dismiss plaintiff's petition on the grounds of judicial estoppel or res judicata in that the previous case brought by plaintiff's husband, Dornak v. Lafayette General Hospital, supra, and the instant case are identical. At the outset, we note that the common law doctrine of judicial estoppel does not apply in Louisiana. Ugulano v. Allstate Insurance Company, 367 So.2d 6 (La.1978). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes re-litigation of the object of a judgment when there is (1) identity of the parties, (2) identity of "cause," and (3) identity of the "thing demanded." La.Civ.Code art. 2286; R. G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La. 1976). Res judicata does not bar litigation of the instant case because neither the "parties" nor the "thing demanded" are the same in the former action and the present litigation. Defendants urge that both lawsuits arose from the same mutual rights and obligations existing as a result of the community of acquets and gains between Mr. and Mrs. Dornak. Hence, the "quality" of the plaintiffs are the same in the two suits.[4] We do not agree. La.Civ.Code art. 2402[5] provided that "damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by her alone." Therefore, Mr. Dornak could not and did not sue defendants for damages for personal injuries sustained by his wife. However, under La. Code Civ.P. art. 686,[6] Mr. Dornak was the proper party to sue to enforce a right of the community (medical expenses) which he in fact did. While Mrs. Dornak was the proper party to sue to enforce the right to recover her loss of earnings rather than Mr. Dornak, defendants did not object to Mr. Dornak's lawsuit on this ground and thus waived any complaint that they may have had. On the other hand, Mrs. Dornak was the proper party to bring suit to recover damages for her personal injuries and she is attempting to do so in the instant case. La.Civ.Code art. 2402. Since the law did not allow Mr. and Mrs. Dornak to demand the same relief, their "quality" cannot be considered the same. Moreover, it is obvious that the "thing demanded," medical expenses and loss of earnings in one suit and damages for personal injuries in the other, are not the same. Hence, since there is neither an identity of "parties" nor "thing demanded" in the present and former actions, res judicata does not prevent the present litigation.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the trial *172 court's dismissal of plaintiff's suit is reversed and the case is remanded to the district court for a trial on the merits.
WATSON, J., recused.
NOTES
[*] Judge Richard J. Garvey participated in this decision as Associate Justice Ad Hoc in place of Justice Watson, recused.
[1] In that case, Raymond Dornak, plaintiff's husband, filed suit against the same defendants for medical expenses and loss of earnings, alleging negligence for failure to inform Mrs. Dornak that an x-ray taken at her pre-employment physical examination disclosed a tubercular condition. The Court of Appeal, Third Circuit, finding that defendants owed no duty to plaintiff, affirmed the trial court's dismissal of the suit for failure to state a cause of action.
[2] 391 So.2d 47 (La.App.3d Cir. 1980).
[3] 396 So.2d 887 (La.1981).
[4] An exception to the strict requirement that the parties be the same in both lawsuits is when the parties share the same quality. R. G. Claitor's Realty v. Juban, 391 So.2d 394 (La. 1980); Hebert v. Melancon, 368 So.2d 1198 (La.App.3d Cir. 1979).
[5] Book III, Title VI of the Louisiana Civil Code "Of the Marriage Contract, and of the Respective Rights of the Parties in Relation to Their Property," has been repealed by Acts 1979, No. 709, effective January 1, 1980.
[6] The provisions of this article in effect at the time of this suit provided:

The husband is the proper plaintiff, during the existence of the marital community to sue to enforce a right of the community.
Where doubt exists whether the right sought to be enforced belongs to the marital community or to the separate estate of the wife, the husband and wife may sue in the alternative to enforce the right.
The wife, however, is the proper party plaintiff to sue to enforce the right to recover wages, earnings, income, fees, stipends, proceeds and commissions due her as a result of her engaging in or pursuing any occupation, trade or profession involving her individual efforts, services, skills, arts, professional competence, vocational undertakings and personal endeavors, whether or not the same involves investments.