**Dorothy Calvin SOWELL,
Plaintiff–Appellee,**

v.

**UNITED STATES of America,
Defendant–Appellant.**

No. 87–4524
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1988.

Jeffrica Jenkins Lee, Atty., Michael Jay Singer, Atty., U.S. Dept. of Justice, Washington, D.C., Joseph S. Cage, Jr., U.S. Atty., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., Deutsch, Kerrigan & Stiles, Francis G. Weller, New Orleans, La., for defendant-appellant.

Daniel E. Broussard, Jr., Broussard, Bolton & Halcomb, Alexandria, La., for plaintiff-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

CLARK, Chief Judge:

## I.

Rotheria Sowell, a private in the United States Army, completed an application to purchase a life insurance policy from Massachusetts Indemnity and Life Insurance Company (MILICO). Samuel Adams, an insurance agent for Military Service Center, handled the application for Private Sowell. The policy's provisions included accidental death benefits of $118,074. Private Sowell designated his wife, Dorothy Sowell, as the beneficiary.

Pursuant to normal procedures, Private Sowell filled out a Request for Allotment form that set in motion a process whereby the insurance premium would be deducted from Sowell's paycheck and paid directly to MILICO. Private Sowell filled out the form and gave the original to the company clerk. The soldier's copy of the form was delivered to Adams who submitted it to MILICO with the application for the policy. The company clerk told Adams that he had taken the original allotment form to Battalion Headquarters. Battalion Headquarters had no record of receiving or processing the allotment form.

MILICO issued a life insurance policy on May 12, 1980, but MILICO never received a premium payment. On June 22, 1980 Private Sowell died. After MILICO denied coverage, Dorothy Sowell filed suit against MILICO. She later amended the complaint to add the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2678, et seq. She alleged that the Army "negligently misplaced" the form and "negligently failed to place the allotment in line for payment by the deceased" to MILICO.

The United States moved to dismiss Dorothy Sowell's cause of action, arguing that the claim against the United States was barred by the "interference with contract rights" exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h). The district court denied the motion, but entered a judgment only against MILICO. This court reversed the judgment against MILICO and remanded the case for a determination of the liability of the United States. The district court then held the government liable for the negligence of the Army and awarded Sowell $118,074, the amount of the life insurance benefits.

## II.

The United States does not contest the lower court's conclusion that the Army acted negligently in its processing of the allotment request. The sole issue on appeal is whether Sowell's claim is barred by the "interference with contract rights" exception in the Federal Tort Claims Act.

## III.

Under Louisiana tort law, a person who undertakes to voluntarily perform a service they would otherwise not be obligated to perform, must perform that undertaking with due care. In *Dornak v. Lafayette General Hospital*, 399 So.2d 168, 170 (La.1981) the court held that a prospective employer, once having taken upon itself to give prospective employees a physical examination, owed a duty to the potential employee to disclose a disease discovered during the examination. In explaining the basis of this duty, the court cited section 323 of the Restatement (Second) of Torts (1965) and explained that the obligation assumed by an employer is derived from the general principle that one who voluntarily undertakes to perform an action must do so with due care.

Section 323 of the Restatement (Second) of Torts (1965) provides:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increased the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking."

Louisiana courts have extended this duty to provide recovery for damage to chattels.

In *Travelers Insurance v. Ragan*, 202 So. 2d 302 (La.Ct.App.1967), the court held that a city which had voluntarily undertaken to erect warning barriers on certain streets, although not usually obligated to do so, could be liable for the damages to an automobile for failing to exercise due care in erecting the warning barriers. Louisiana courts would find no material distinction between reimbursement for damage to a car and recovery of damages flowing directly from the negligent processing of allotment forms.

### IV.

Courts of the United States lack subject matter jurisdiction over claims of the types scheduled in 28 U.S.C. § 2680(h). Under this subsection, the United States is not liable under the Federal Tort Claims Act for "any claim arising out of ... interference with contract rights." Neither this circuit nor the Supreme Court has defined the perimeters of this specific exception. In *Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), however, the Supreme Court did discuss the scope of the misrepresentation exception which is also embodied in 28 U.S.C. § 2680(h). The Court held that the misrepresentation exception did not bar a claim that FMHA officials had negligently supervised construction of a house. The plaintiff contended in *Neal* that the officials had voluntarily undertaken the supervision of the construction of his house and then had failed to exercise due care in supervising the project.

The Court noted that any misrepresentation made by government officials as to the condition of the house upon completion was not essential to the claim that construction had been negligently supervised. The court explained that the duty to use due care in supervising a construction project was a duty distinct from the duty to use due care to correctly communicate information to the plaintiff about the resulting condition of the house. Similarly, in this case, the duty the Army owed to use due care in processing Sowell's allotment forms is distinct from any duty the Army may have had not to interfere with existing or potential contractual relationships between Sowell and MILICO.

The fact that the measure of damages—loss of the value of insurance coverage—from the Army's failure to fulfill its duty to process the forms correctly is the same as it would have been for interfering with contract rights does not merge the duties. The same identity of damages was present in *Block v. Neal* where the loss caused by failure to supervise would be the same as the loss caused by the misrepresentation that the construction was proper—the value of deficiencies in the contractor's performance.

 Dorothy Sowell's claim that the Army negligently failed to process Private Sowell's allotment form is not barred by the interference with contract rights exception in 28 U.S.C. § 2680(h). The district court judgment is accordingly

AFFIRMED.