Larry McNEIL, Administrator of the Estate of Tyler Chase McNeil Deceased, and Erica McNeil Ainsworth, Plaintiffs

v.

UNITED STATES of America, Defendant.

No. 1:94–CV–0255.

United States District Court,
E.D. Texas,
Beaumont Division.

June 6, 1995.

Curtis W. Leister, Tonahill Hile Leister & Jacobellis, Beaumont and Kenneth W. Lewis, Bush Lewis Ramsey & Roebuck, Beaumont, for plaintiffs.

O. Kenneth Dodd, Assistant U.S. Attorney, Beaumont, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs, Larry McNeil and Erica McNeil Ainsworth (Ainsworth), bring suit in this court pursuant to the Federal Tort Claims Act (FTCA). The suit arises out of injuries sustained by Ainsworth and her 29 month old son, Tyler Chase McNeil (McNeil), when a fire destroyed their home; McNeil died as a result of the injuries he sustained in the fire.

The Defendant now moves for summary judgment. Defendant asserts that this court lacks jurisdiction to entertain the claim pursuant to 28 U.S.C. § 2680(h). In the alternative, Defendant contends that Plaintiffs' knowledge of the faulty smoke detector prevents recovery. Because this court finds that this cause of action does not fall within the "misrepresentation" exception of 28 U.S.C. § 2680(h) and that the knowledge of Stacey Ainsworth cannot be imputed to the Plaintiffs, Defendant's Motion for Summary Judgment is DENIED.

The court further finds that Plaintiffs' unopposed Motion for Leave to File a Second Amended Complaint is GRANTED.

## BACKGROUND

Although many of the facts are in dispute, there is some agreement between the parties. In the summer of 1991, Ainsworth and her husband, Stacey (together, the Ains-

worths), began looking for a house to buy. They discovered a home in China, Texas, that appeared to suit their needs. The Ainsworths applied to the Farmer's Home Administration (FmHA) for financing and their application was approved. The FmHA contracted for an electrical and plumbing inspection of the house. The FmHA contends that the inspection was conducted for its own benefit (apparently to ensure that the mortgage was not appreciably greater than the value of the home). The inspection revealed, among other things, that the home's smoke detector was not working.

The Ainsworths and the FmHA agreed that, due to delays in the closing, the Ainsworths would be allowed to move at least some things into the vacant home prior to the final transfer of ownership. The FmHA maintains that one of its employees informed Ainsworth that she could move boxes and a refrigerator into the home. The owner of the home allegedly ratified the FmHA's decision. The Plaintiffs contend that the FmHA granted the Ainsworths permission to occupy the home. It is undisputed that at no time did the FmHA provide the results of the inspection to the Ainsworths.

The Ainsworths moved into the home. On January 21, 1992, a fire occurred at the house. Both Ainsworth and McNeil were burned and suffered from smoke inhalation. McNeil's injuries proved to be fatal.

The Plaintiffs bring suit in this court asserting that the Defendant breached several duties it owed to the Plaintiffs. Specifically, the Plaintiffs allege: (1) their status was that of invitee, requiring Defendant to exercise ordinary care in keeping the premises in reasonably safe condition and to warn Plaintiffs of any dangerous conditions Defendant knew about and were not reasonably apparent to Plaintiffs; (2) their status (if not invitee) was of that of licensee and Defendant breached its duty to either correct the defective smoke detector or to warn Plaintiffs; (3) Defendant assumed the duty to inspect and repair the smoke detector and then failed to do so; and (4) Defendant negligently allowed Plaintiffs to enter the property without either fixing the existing smoke detector or providing the home with a working smoke detector. Defendant moves for summary judgment on two grounds: (1) Defendant maintains that the Plaintiffs' claims are barred by the FTCA's "misrepresentation" exception, 28 U.S.C. § 2680(h); and (2) Defendant owed no duty as Plaintiffs were aware of the smoke detector's defect.

## ANALYSIS

### I.

It is well-settled that a motion for summary judgment can be granted only if the matters considered by the court clearly demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); FED.R.CIV.P. 56(c). It is equally well-settled that the burden of proving that "no genuine issue of material fact exists," rests with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party meets this threshold, the burden shifts to the nonmoving party to demonstrate with significant probative evidence that there exists a genuine issue of fact to be tried. *Kansa Reinsurance v. Congressional Mort. Corp.*, 20 F.3d 1362, 1371 (5th Cir.1994); *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir.1994). This requires that the nonmoving party produce more than some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Only evidence, not unsworn pleadings, memoranda or the like, will satisfy this burden. *Larry v. White*, 929 F.2d 206, 211 n. 12 (5th Cir.1991). When a rational jury, looking at the record as a whole, could not find for the nonmoving party, no issue of material fact exists and summary judgment is proper. *Garcia v. Elf Atochem North America*, 28 F.3d 446, 449 (5th Cir.1994) (*citing Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir.1969) (*en banc*)).

### II.

The FTCA is a waiver of sovereign immunity, providing general authority for

**312**

tort suits against the government: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances ..." 28 U.S.C. § 2674. Section 2680, however, creates several exceptions to this broad waiver. Section 2680(h) provides that the United States does not waive its immunity from suit with respect to claims arising out of the tort of misrepresentation.[1] 28 U.S.C. § 2680(h).

▉▉▉▉ To determine if the misrepresentation exception applies, the court must decide whether the transmission of misinformation is a necessary link in the causal chain from the FmHA's alleged negligence to the injuries Plaintiffs claim to have suffered. *Commercial Union Ins. Co. v. United States*, 928 F.2d 176, 179 (5th Cir.1991). The gravamen is whether a misrepresentation by a government official or agency is essential to any of the claims stated by Plaintiffs. If it is essential the claim will fail; if it is not section 2680(h) does not apply. *Sowell v. United States*, 835 F.2d 1133, 1135 (5th Cir.1988).

▉▉▉▉ Despite the Defendant's protest to the contrary, it does not appear that Plaintiffs' claims are barred by the "misrepresentation" exception to the FTCA.

The Plaintiffs suit is not based on a misrepresentation theory. They do not claim to have acted in reliance on a false statement. Instead, they assert the FmHA failed to act (specifically, to warn) when it had a legal duty to do so. Section 2680(h) of the FTCA "does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Block*, 460 U.S. at 297, 103 S.Ct. at 1094. Plaintiffs' maintain the Government breached its duty to warn of the faulty smoke detector or to fix it. Accordingly, the section 2680(h) exception does not apply. *See Mandel v. United States*, 793 F.2d 964 (8th Cir. 1986) (claim for government's breach of duty to warn of dangerous swimming conditions

not barred by "misrepresentation" language of § 2680(h)).

### III.

Defendant also maintains summary judgment is proper since it owned no duty to Plaintiffs. The court is unconvinced.

▉▉▉▉ In Texas, if a licensor has actual knowledge of a dangerous defect and the licensee does not, the licensor has a duty to warn the licensee if failure to do so would be grossly negligent. *Denham v. United States*, 834 F.2d 518 (5th Cir.1987). If the relationship is invitee/invitor and the invitee lacks knowledge of the dangerous condition, however, the invitor has a duty to warn invitee if failure to do so would be negligent. *Waddy v. Mobil Oil Corp.*, 756 F.Supp. 1010 (S.D.Tex.1990). Under either scenario, however, no duty will arise if the plaintiff is actually aware of the dangerous condition. *See Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir.1992) *and H.E. Butt Grocery Co. v. Godawa*, 763 S.W.2d 27 (Tex. App.—Corpus Christi 1988, no writ).

▉▉▉▉ Defendant maintains that, prior to the fire, Plaintiffs were aware of the smoke detector's defect. Defendant offers deposition testimony which indicates Stacey Ainsworth discovered the smoke detector was inoperable on January 20, 1992. Mr. Ainsworth, however, is not one of the named plaintiffs. Defendant offers no evidence that either of the named plaintiffs had knowledge of the smoke detector's defect. Nor is Defendant able to offer any caselaw in support of the proposition that the knowledge of one member of a household is imputed to every other member of that household. While Defendant's legal theory is interesting, it sheds little light on the viability of the claims of the named plaintiffs. Accordingly, the court will not grant the motion for summary judgment based on Mr. Ainsworth's deposition.

---

1. As the Supreme Court stated in *Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), "the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Block*, 460 U.S. at 296, 103 S.Ct. at 1093.

## IV.

Plaintiffs move to file a Second Amended Complaint. This amended complaint eliminates all claims of Cameron Ainsworth which appear in the First Amended Complaint. Plaintiffs and Defendant agree that Cameron Ainsworth's claims are time barred. Accordingly, Plaintiffs' Motion for Leave to File a Second Amended Complaint is GRANTED.

## CONCLUSION

Because this court finds that this cause of action does not fall within the "misrepresentation" exception of 28 U.S.C. § 2680(h) and that the knowledge of Stacey Ainsworth cannot be imputed to the Plaintiffs, Defendant's Motion for Summary Judgment is DENIED.

Plaintiffs' unopposed Motion for Leave to File a Second Amended Complaint is GRANTED.