785 So.2d 860 (2001)
Frank TAYLOR, Jr.
v.
TRANSOCEAN TERMINAL OPERATORS, INC.
No. 2000-CA-0604.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 2001.
Writ Denied June 15, 2001.
*861 Philip R. Adams, Jr., Terrence J. Lestelle, Andrea S. Lestelle, Lestelle & Lestelle, Metairie, LA, for plaintiff/appellant.
Alan G. Brackett, Daniel J. Hoerner, Mouledoux, Bland, Legrand & Brackett, New Orleans, LA, for defendant/appellee.
Before: ARMSTRONG, JONES and LOVE, JJ.
ARMSTRONG, J.
This is a personal injury case. The plaintiff, who is a longshoreman, was stabbed while at work, by a fellow employee. The plaintiff alleges that the stabbing was work-related, i.e. within the course and scope of his and the fellow-employee's employment, and that, therefore, his employer is vicariously liable. The defendant employer argues that, under the "exclusive remedy" provision of the Longshoreman and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901 et. seq., its only liability is for compensation benefits and the plaintiff cannot sue the defendant employer in tort. The plaintiff responds that, because he is alleging an intentional tort, the exclusive remedy provision of the LHWCA is not applicable.
The defendant employer filed a peremptory exception of no cause of action. The trial court, evidently agreeing with the defendant employer's position as to the applicability of the exclusive remedy provision of the LHWCA, maintained the exception of no cause of action and dismissed the plaintiffs suit. The plaintiff then brought the present appeal. Because we agree with the considerable body of caselaw which states that the exclusive remedy provision of the LHWCA is not applicable to an intentional tort by (or attributable to) an employer, and in light of the apparent absence of any caselaw to the contrary we will vacate the judgment of the trial court and remand for further proceedings. Of course, we express no opinion as to the ultimate merits of the plaintiffs underlying case. We hold only that the plaintiff has stated a cause of action. In order to prevail, the plaintiff will still have to prove that the defendant employer is vicariously liable for the intentional tort of Bobby Young.
Plaintiff Frank Taylor was a Longshoreman. He was employed by defendant Transocean Terminal Operators, Inc. ("Transocean"). Mr. Taylor alleges that, while at work, he was stabbed by Bobby Young, who was another of Transocean's employees. Mr. Taylor also alleges that the stabbing occurred within the course and scope of his employment and Bobby Young's employment, as a result of an employment-related altercation, so that the defendant is vicariously liable for the stabbing.
The issue presented on appeal is a purely legal one: In the case of an intentional *862 tort by (or attributable to) the employer, is the "exclusive remedy" provision of the LHWCA, 33 U.S.C. § 905, applicable so that the employee may recover only compensation benefits and is barred from bringing a tort action against the employer?[1]
The notion that a claim for an intentional tort committed by an employer is an exception to a statutory exclusive remedy compensation scheme is familiar in the context of Louisiana's worker's compensation law. Louisiana's worker's compensation statute provides that it does not affect the liability of the employer for civil liability resulting from an intentional act. La. R.S. 23:1032.B. Thus, it has been held that an intentional tort by an employer is not subject to the "exclusive remedy" provision of Louisiana's worker's compensation law and may give rise to a tort action by the employee against the employer. See, e.g., Bazley v. Tortorich, 397 So.2d 475 (La.1981). This is typical of state worker's compensation laws. Bazley, 397 So.2d at 480 (citing 2A Larson, The Law of Workmen's Compensation §§ 68-69 (1976)).
The complicating factor with respect to the LHWCA is that the LHWCA does not have a specific provision expressly stating that an employer's intentional tort is an exception to the statute's "exclusive remedy" provision. Nevertheless, over the last twenty years, a number of court decisions, from Louisiana and from other jurisdictions, have stated that an employer's intentional tort is an exception to the exclusive remedy provision of the LHWCA and that, in such cases, the employee may bring a tort action against the employer. The decisions so stating included recent ones from Louisiana's First and Fifth Circuit Courts of Appeal. See Malbrough v. Halliburton Logging Services, Inc., 97-0378 (La.App. 1 Cir. 4/8/98), 710 So.2d 1149, 1152; Gauthe v. Asbestos Corp., 97-941 (La.App. 5 Cir. 1/27/98), 708 So.2d 761. Other decisions so stating include ones from the federal district courts for the Eastern and Western Districts of Louisiana. See Johnson v. Odeco Oil & Gas Co., 679 F.Supp. 604, 606-607 (E.D.La.1987); Sharp v. Elkins, 616 F.Supp. 1561, 1565 (W.D.La.1985).
The position that an intentional tort presents an exception to the exclusive remedy provision of the LHWCA is not new. Two cases so stated at least twenty years ago. See Austin v. Johns-Manville Sales Corp., 508 F.Supp. 313, 316 (D.Me.1981); Houston v. Bechtel Associates, 522 F.Supp. 1094, 1096 (D.D.C.1981). See also Espadron v. Baker-Hughes, Inc., 97-1951 (La. App. 4 Cir. 4/22/98) 714 So.2d 60, 62 (plaintiff, while entitled to LHWCA compensation benefits "may not bring a claim against [his employer] for non-intentional tort.) 33 U.S.C. § 905". In contrast to this line of caselaw, we have been cited no cases holding that the LHWCA's exclusive remedy provision applies to an employer's intentional tort.
Transocean's response to all of the cases on point is to argue that the statements of those cases, that an employer's intentional tort constitutes an exception to the LHWCA's exclusive remedy provision, are all "dicta". Transocean bases its argument upon the fact that, in each of the cases in which the issue of employer tort liability for intentional tort was squarely presented, the court ultimately determined that the conduct sued upon did not constitute *863 an intentional tort but, instead, constituted negligence or some level of culpability less than an intentional tort. However, a review of those decisions compels the conclusion that the pronouncements in those cases are not mere "dicta". The courts' opinions make clear that each adopted the position that an intentional tort constitutes an exception to the LHWCA's exclusive remedy provision prior to turning to the issue of whether there was, in fact, an intentional tort present in the cases before them. If they had considered the LHWCA's exclusive remedy provisions to be applicable even to cases of employer intentional torts, then they would not have had any need to go on to decide whether there was, in fact, an intentional tort. The fact that, in each case, the courts found that there was no intentional tort simply reflects how strictly they applied the exception for intentional torts. See, e.g., Austin, 508 F.Supp. at 316 ("Nothing short of a specific intent to injure the employee falls outside of the scope of the [LHWCA]".); Johnson, 679 F.Supp. at 606-607 (willful and wanton misconduct not sufficient to make exception applicable). In any event, even if we were to accept the characterization of these decisions as "dicta", it would certainly be a substantial and uniform body of dicta including decisions both local and national, both state and federal, both recent and long-established and, perhaps most strikingly, apparently uncontradicted by any other caselaw.
Although the LHWCA does not have a specific provision expressly creating an employer intentional tort exception for its exclusive remedy provision, the caselaw carving out that exception is not inconsistent with LHWCA. As explained in the Sharp decision, 616 F.Supp. at 1565-66, the LHWCA covers, and thus provides compensation benefits for, "injuries" caused by accidents, by occupational disease and by the willful acts of third persons. 33 U.S.C. § 902(2) ("definition of injury").
Accordingly, if an employer commits a willful act against its employee, then the injury to the employee apparently has not been caused by a "third person", is not accidental and, thus, not compensable under the [LHWCA]. Under this rationale, an intentional tort exception, such as the one found in Houston and Austin, supra, is appropriate, otherwise an injured employee would be left without a remedy because of the exclusivity provision of § 905(a) and no workmen's compensation remedy because the injury would not come under any existing definition.
Sharp, 616 F.Supp. at 1566. In otherwords, because the LHWCA provides benefits only for injuries caused by (1) accidents, (2) occupational disease and (3) willful acts of third persons (and "third persons" does not include employers), and an intentional tort by an employer fits none of those three categories, the LHWCA does not provide any benefits for injuries caused by an intentional tort by an employer. Because the LHWCA's benefit provisions do not apply to injuries caused by employer intentional torts, it logically follows that LHWCA's exclusive remedy provision does not apply to employer intentional torts either. As the Sharp court suggests, because the LHWCA does not provide benefits for injuries caused by an employer intentional tort, application of the LHWCA's exclusive remedy provision to bar an employee tort action in the case of an employer intentional tort would result in the employee having no remedy at all in the case of an employer intentional tort, in either tort or compensation under the LHWCAa result that we cannot believe *864 that Congress would have so intended in enacting the LHWCA.
As we have noted above, it is typical of the worker's compensation schemes of various jurisdictions that, in the case of an employer intentional tort, the employee is not limited to compensation benefits but, instead, has a right to sue in tort. There is an "almost universal practice of differentiating between intentional and unintentional harms, prevalent in most workers' compensation programs". Bazley, 397 So.2d at 481. See also ZA Larson, The Law of Workmen's Compensation §§ 68-69 (1976).
The LHWCA is, apart from its special federal maritime law nature, "a typical worker's compensation system". Northeast Marine Terminal Co. v. Caputo, 432 U.S. 249, 258, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). In particular, the LHWCA embodies the heart of the worker's compensation "bargain": The employee receives the certainty of a specified benefit but foregoes a tort action and the employer incurs liability for the specified benefit but avoids the risk of a tort action. See WMATA v. Johnson, 467 U.S. 925, 931-32, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984) (discussing LHWCA). However, the worker's compensation "bargain" typically does not include an employer intentional tort. "Universally, harmful conduct is considered more reprehensible if intentional" so that "[t]here is a definite tendency to impose greater responsibility upon a defendant whose conduct has been intended to do harm or morally wrong". Bazley, 397 So.2d at 480. Thus, the understanding of the LHWCA that we have adopted in this present appeal is, not only in concert with the views of the various courts to have considered the matter over the last 20 years, but is in accord with the mainstream of worker's compensation law. Consequently, we believe that our understanding most likely comports with the intent of Congress in enacting the LHWCA.
Lastly, we note that there is a readily apparent issue, mentioned in the briefs, of whether the employer in this case can be held liable in tort, under a theory of vicarious liability, for the stabbing of the plaintiff by employee Bobby Young. Put another way, was the stabbing by employee Bobby Young an intentional tort of the employer? The legal standard under Louisiana law (or federal law if applicable) for holding an employer vicariously liable for a stabbing by an employee, and the facts and circumstances which must be present for such a tort to be so attributable to the employer, are not addressed in the briefs on appeal and, apparently, were not a focus of the proceedings in the trial court. Consequently, we will not address that issue in this appeal but leave it for development on remand.
For the foregoing reasons, we vacate the judgment of trial court and remand for further proceedings.
VACATED AND REMANDED.
NOTES
[1] There is also a readily apparent issue of whether the stabbing by fellow employee Bobby Young may be attributed, under a theory of vicarious liability, to the defendant employer. For reasons we explain later in this opinion, we do not decide the vicarious liability issue in this appeal; we leave it to be addressed by the trial court on remand.