846 So.2d 993 (2003)
Jeanell R. Bordelon, Wife of/and Troy J. BORDELON
v.
AVONDALE INDUSTRIES, INC. and Dr. Joseph Mabey.
No. 03-CA-228.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
Rehearing Denied June 23, 2003.
Rockne L. Moseley, Moseley & Associates, PLC, New Orleans, LA, for Plaintiffs-Appellants, Jeanell R. Bordelon, Wife of/and Troy J. Bordelon.
Richard S. Vale, Appeal Counsel, William C. Cruse, Christopher K. Lemieux, Pamela F. Noya, Blue Williams, L.L.P., Metairie, LA, for Defendant-Appellee, Avondale Industries, Inc.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
The plaintiffs appeal a summary judgment dismissing Avondale Industries, Inc. from their suit. We affirm.
*994 On October 26, 1997 Troy J. Bordelon was employed at Avondale as an industrial power electrician when he fell and was injured on the job. He was paid compensation pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, et seq. On October 23, 1998 Mr. Bordelon and his wife, Jeanell R. Bordelon, filed a tort suit against Avondale and Dr. Joseph Mabey, asserting the defendants failed to disclose to the plaintiff a back condition (revealed in x-rays taken during his pre-employment physical) that predisposed him to severe injury as a result of the type of work he was hired to perform at Avondale.
Troy Bordelon began the application process to become an Avondale employee on November 9, 1988. As part of that process he was required to undergo a pre-employment physical examination by a doctor of the company's choosing. Mr. Bordelon's physical was begun by Dr. Craig Peterson on November 10, 1988, but was concluded by Dr. Mabey on November 11, 1988. X-rays of Mr. Bordelon's spine taken during the examination revealed that he suffers from spondylolisthesis and spondylolysis.[1] Dr. Peterson marked the medical record card "Reject," with a notation regarding the spondylolisthesis. However, when Dr. Mabey concluded the examination the following day, he sent Mr. Bordelon to the personnel department for hiring. Mr. Bordelon alleges he was not informed of the x-ray results showing his back condition or that his card had been marked "reject."
Mr. Bordelon left Avondale in 1992, but was re-employed in 1993. Once again he underwent a pre-employment physical, this time conducted entirely by Dr. Mabey, but the plaintiffs assert that Dr. Mabey again failed to advise Mr. Bordelon of his back condition. In contrast, Dr. Mabey testified in deposition that he specifically recalled discussing the back conditions with Mr. Bordelon.
The plaintiffs allege that if Mr. Bordelon had been made aware of his condition he would not have participated in the strenuous manual labor of his Avondale job or he would not have pursued employment with Avondale as an industrial power electrician. (Mr. Bordelon does not allege his fall was caused by his pre-existing spondylolisthesis and spondylolysis.)
Avondale filed a motion for summary judgment, citing the exclusive remedy provision of the LHWCA, 33 U.S.C. § 905(a).[2] In oral reasons for judgment, the trial court found that, "other than perhaps at best gross negligence," there was no evidence anyone intended to harm Mr. Bordelon. The court also found that Mr. Bordelon was an employee of Avondale at the time of the alleged tort. Accordingly, the court granted summary judgment in favor of Avondale.[3]
The plaintiffs have appealed.[4] On appeal they contend the trial court erred in *995 finding that Mr. Bordelon was an employee of Avondale during his pre-employment physicals, in declaring that Avondale did not commit an intentional tort upon Mr. Bordelon in accordance with the standards of Mefferd v. Avondale Industries, Inc.,[5] and in finding that Dr. Joseph Mabey was an independent contractor for Avondale.
The plaintiffs argue that the exclusive remedy provision is not applicable, first, because Mr. Bordelon was not an employee when the pre-employment physical was conducted; second, because Avondale is liable as employer of Dr. Mabey rather than as employer of Mr. Bordelon. They contend that Dr. Mabey had a continuing duty to inform Mr. Bordelon of his dangerous back condition, that Avondale, as Mabey's employer, is liable in respondeat superior for Mabey's failure to meet his obligation, and that Avondale's duty is independent of Dr. Mabey's duty as a physician. Plaintiffs argue there are genuine issues of material fact in the following respects: whether Mr. Bordelon's subsequent hiring by Avondale "relates back" to the time of his pre-employment physical; whether Avondale committed an intentional tort; whether the facts in the Mefferd case are identical and the Mefferd ruling must be applied; and whether Dr. Mabey was an employee of Avondale.
Avondale argues it had no separate duty to Mr. Bordelon to advise him of his back condition. Alternatively, if it did have such a duty, Avondale argues the cause of action in tort is barred by the exclusive remedy provision. Avondale asserts it is irrelevant if the tortthe failure to disclose informationoccurred prior to Mr. Bordelon's employment by Avondale, because the trigger point for compensation and the exclusive remedy doctrine is when he later got hurt on the job.
Avondale argues further that Dr. Mabey was an independent contractor, so respondeat superior does not apply. Avondale also cites Mr. Bordelon's deposition testimony, in which he responded negatively to questioning about whether he thought anyone at Avondale intended to injure him or to put him in positions in which it was certain he would get hurt.
The plaintiffs cite Mefferd v. Avondale Industries, Inc., supra, as being on point with this case. The entire decision follows:
Appellants-plaintiffs Mr. and Mrs. Glenn Mefferd filed suit in the district court against Avondale Industries, Inc. because Mr. Mefferd's sensitive back condition, known to Avondale because of a preemployment physical, was not revealed to him. Mr. Mefferd was hurt lifting a heavy object.
The Mefferds contend that they stated a cause of action under intentional tort. They also allege that the negligence of Avondale predated Mr. Mefferd's actual employment. Nonetheless, Avondale's exception of no cause of action was maintained. This appeal ensued.
We reverse, being of the opinion that the holding in Dornak v. Lafayette General Hospital, 399 So.2d 168 creates enough of an issue in the Mefferd's case to require a trial. If a prospective employer requires a preemployment physical, a duty is owed to the prospective employee, who is eventually hired, to disclose a potentially harmful medical condition.
We remand to the 24th Judicial District Court for further proceedings with Avondale to bear costs of this appeal.
*996 Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981), cited in Mefferd, supra, was a personal injury suit in which the plaintiff sued her employer, a hospital, for negligence in failing to inform her that x-rays taken at her pre-employment physical disclosed a tubercular condition. The defendants filed an exception of no cause of action asserting that they owed no legal duty to plaintiff under the circumstances to disclose her physical condition to her. Our supreme court reversed the lower courts granting of the exception of no cause of action, as follows in pertinent part:
We recognize at the outset that an employer generally owes no duty to a prospective employee to ascertain whether he or she is physically fit for the job sought. Nonetheless, where a prospective employer assumes such an undertaking, many jurisdictions have found the employer liable for injuries to employees resulting therefrom if the employer performs it negligently. [Citations omitted.]
We conclude in the instant case that under the general principles of tort liability enunciated in La.Civ.Code arts. 2315 and 2316, defendants owed a duty to plaintiff to disclose the tubercular condition discovered during her pre-employment physical examination.... While we do not consider that the hospital had any obligation to give plaintiff a pre-employment physical examination, once it undertook to do so and subsequently employed her, she was entitled to and did rely upon the expectation that she would be told of any dangerous condition actually disclosed by that examination, especially considering the fact that she was employed by the hospital to perform duties placing her in contact with co-employees and hospital patients.
In sum, we conclude that defendants owed a duty to plaintiff to protect her against the particular risk which allegedly caused injury to her. The duty owed was to inform plaintiff of her tubercular condition discovered during a pre-employment physical examination.
399 So.2d at 170-171.
Both Dornak and Mefferd differ from the case before us, however, because they were before the appellate courts on review of exceptions of no cause of action rather than motions for summary judgment. Further, in Dornak the plaintiff suffered from a disease that clearly was not sustained in the course and scope of her employment. Similarly, in Mefferd there is no indication that the plaintiff's injury from lifting a heavy object occurred in the course and scope of his employment. It cannot be ascertained from those opinions that either plaintiff had recovered under either workers' compensation or the LHWCA and the defense never asserted the exclusive remedy defense. Hence, we are unable to apply either of these cases as providing exceptions to the exclusive remedy rule.
We find no cases that permitted an intentional act exception to the exclusive remedy provision of 33 U.S.C. § 905(a). Although some cases refer to the possibility that such an exception could be made under appropriate facts, we find none that actually did so.
See, e.g., Roy ex rel. Charlot v. Bethlehem Steel Corp., 838 F.Supp. 312 (E.D.Tex.1993); Johnson v. Odeco Oil Gas Co., 679 F.Supp. 604, 606-607 (E.D.La. 1987), aff'd 864 F.2d 40 (5th Cir.1989) (willful and wanton misconduct not sufficient to make exception applicable); Austin v. Johns-Manville Sales Corp., 508 F.Supp. 313, 316 (D.Me.1981) (Nothing short of a specific intent to injure the employee falls outside of the scope of the [LHWCA].); See also, Gauthe v. Asbestos Corp., 97-941 *997 (La.App. 5 Cir. 1/27/98), 708 So.2d 761, writ denied, 98-450 (La.11/19/99), 749 So.2d 664; Taylor v. Transocean Terminal Operators, Inc., 00-0604 (La.App. 4 Cir 3/14/01), 785 So.2d 860.[6]
Nor do we find error in the trial court's determination that Avondale cannot be liable under respondeat superior for acts of Dr. Mabey. There is no evidence that Avondale exercised any control or direction over Dr. Mabey's professional judgment and practice of medicine. Further, the exclusivity provisions of the LHWCA do not permit recovery against the employer under a dual-capacity theory except under 33 U.S.C. § 905(b), where the employer is also the vessel owner.
For the foregoing reasons, we find no basis to reverse the summary judgment in favor of Avondale. The judgment is affirmed. Costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Spondylolisthesis is a spine disorder in which a direct blow, a fall from a height, or a sudden twisting can result in the fracture of one or more vertebrae, according to the appellant's brief, citing The American Medical Association Encyclopedia of Medicine, Charles B. Clayman, M.D., Medical Editor.
[2] 33 U.S.C. § 905(a) provides in pertinent part, "The liability of an employer prescribed in section 4 [33 U.S.C. § 904] shall be exclusive and in place of all other liability of such employer to the employee."
[3] The plaintiffs dismissed their claims against Dr. Mabey as premature in July 1999, but after completing medical review panel proceedings pursuant to the Medical Malpractice Act (La.R.S. 40:1299.47), they amended and supplemented their petition to re-assert the claims against Dr. Mabey. However, his liability is not before us on this appeal.
[4] The trial court designated the judgment for appeal pursuant to La.C.C.P. art. 1915(B)(1). However, the judgment is appealable pursuant to La.C.C.P. art. 1915(A)(1), because as a judgment that dismissed a party it is final and appealable without the necessity for designation under Section (B).
[5] 562 So.2d 21 (La.App. 5 Cir.1990), writ denied 566 So.2d 987 (La.1990).
[6] Taylor contains a good discussion of the jurisprudence analyzing the LHWCA's potential for an intentional act exception.