FACTS AND PROCEDURAL HISTORY
On May 15, 2005, Maria Holmes was employed by Pacarini USA, Inc. and was *672 performing longshore work at the Poland Avenue Wharf in the Port of New Orleans. On that day, she was injured when a fellow employee, Tyrone “Gleck” Soniat ran into her with a forklift and pinned her to a load of T-bars. Before he ran into Ms. Holmes with the forklift, Mr. Soniat had been drinking alcoholic beverages and smoking marijuana cigarettes laced with crack. This was not the first time that an intoxicated Pacarini employee had run into a fellow employee with a forklift at the Port of New Orleans. As a result of the incident, Ms. Holmes suffered a laceration of the right leg, an avulsion fracture of the mid left foot, and permanent scarring; she also missed five weeks from work.
|2On May 15, 2006, Ms. Holmes filed a petition for damages against Pacarini and two of its employees, including Mr. Soniat. At the close of discovery, Pacarini filed a motion for summary judgment. Pacarini argued that the plaintiffs tort claims were barred by the exclusive remedy provisions of the Longshore and Harbor Workers’ Compensation Act (LHWCA). The trial court agreed and it granted Pacarini’s motion for summary judgment. It is from this judgment that Ms. Holmes now appeals.
DISCUSSION
On appeal, the plaintiff raises the following assignments of error: 1) whether the LHWCA provides employees an exception allowing plaintiff to sue her employer for an intentional act caused by a co-worker; 2) whether intentionally imbibing alcohol and illicit drugs which leads to injury is an “intentional act”; and 8) whether the trial court committed legal error in granting defendant’s motion for summary judgment.
“Favored in Louisiana, the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.” King v. Parish Nat’l Bank, 04-0837, p. 7 (La.10/19/04), 885 So.2d 540, 545 (citing La. C.C.P. art. 966 A(2)). Motions for summary judgment are reviewed on appeal de novo. The same criteria that govern the trial court’s determination of whether summary judgment is appropriate are used by the reviewing court. Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-883. A motion for summary judgment will be granted “if the |spleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
The determination of whether a fact is material turns on the applicable theory of recovery. Thomas v. North 40 Land Dev., Inc., 04-0610, p. 22 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, 1174. A fact is material if its existence or non-existence is essential to a plaintiffs cause of action under the applicable theory of recovery. Harvey v. Francis, 00-1268, p. 5 (la.App. 4 Cir. 3/21/01), 785 So.2d 893, 897.
Under most circumstances, when a harbor worker or longshoreman is injured while on the job, his employer’s liability is limited to compensation benefits under the LHWCA. See 33 U.S.C.A. § 905(a). Ordinarily, this is an employee’s *673 “exclusive” remedy against his employer. Id. The LHWCA embodies the heart of the worker’s compensation “bargain”: the employee receives the certainty of a specified benefit but foregoes a tort action and the employer incurs | liability for the specified benefit but avoids the risk of a tort action. See WMATA v. Johnson, 467 U.S. 925, 931-32, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984); Taylor v. Transocean Terminal Operators, Inc., 2000-0604 (La.App.3/14/01), 785 So.2d 860. However, in Taylor, this Court recognized an exception to that general rule. In that case, an employee stabbed a co-worker while they were both on the job. This Court went on to hold that an intentional tort was not subject to the exclusive remedy provision of the LHWCA. Id. The Court reasoned that that type of act was different because it was beyond the scope of what the LHWCA had intended to cover. “Universally, harmful conduct is considered more reprehensible if intentional” so that “[tjhere is a definite tendency to impose greater responsibility upon a defendant whose conduct has been intended to do harm or morally wrong.” Id. at 864; See also Bazley v. Tortorich, 397 So.2d 475, 480 (La.1981). The particular issue of whether the intoxication of a longshoreman falls under the intentional act exception to the LHWCA has never been addressed by this Court.
In the instant case, Mr. Soniat intentionally ingested illegal drugs and alcohol; he then got on a forklift and injured Ms. Holmes. In the instant case, there is a material issue of fact as to whether or not the conduct of Mr. Soniat rises to the level of an intentional tort under the rationale of Taylor. The allegations that this is not the first time an intoxicated Pacarini employee injured someone with a forklift are also troubling.
Although the LHWCA is ordinarily the exclusive remedy for a longshoreman or harbor worker against his or her employer, there do exist certain 1 .^exceptions to this rule as noted above. However, the issues particular to this case have never been addressed by this Court before. That being said, there are certain similarities between the facts of this case and the facts in Taylor. There are genuine issues of material fact as to whether Mr. Soniat intended to harm Ms. Holmes. This should have precluded the granting of summary judgment.
CONCLUSION
For the foregoing reasons, the trial court’s granting of the defendant’s motion for summary judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED