Billie Joyce JENKINS, Individually and as Guardian of the Person and Estate of Harold Brown Jenkins, NCM, Appellant,

v.

FRITZLER DEVELOPMENT CORPORATION, Appellee.

No. 17329.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 22, 1979.

Rehearing Denied April 19, 1979.

Friedman & Chaffin, G. Robert Friedman, W. Allen Lee, III, Houston, for appellant.

Fulbright & Jaworski, William W. Vernon, Dan K. Hedges, Houston, for appellee.

Before WARREN, EVANS and WALLACE, JJ.

WARREN, Justice.

This is an appeal from a summary judgment rendered in favor of one of the defendants, Fritzler Development Corporation.

On June 28, 1975, Harold Brown Jenkins, while performing his duties as an employee of Davis Brothers, a roofing subcontractor, fell from a steel bar joist incorporated in the shell of a partially constructed building owned by the defendant Fritzler Development Corporation (appellee). As a result of the fall, Mr. Jenkins suffered extensive injuries rendering him non compos mentis. This suit was brought by Mrs. Jenkins, individually, and as guardian of her husband's person and estate (appellant), alleging that appellee, as owner and general contractor, was negligent (1) by breaching its duty to provide a safe place to work, and (2) by breaching its duty to supervise the roofing subcontractor to insure the utilization of proper safety equipment. No allegations were made that the steel bar joist was defective or improperly incorporated into the structure. Appellee's motion for summary judgment, in which it was asserted that appellee had no duty to warn the subcontractor or the subcontractor's employees of dangers inherent in their work or created by other employees of the same subcontractor, was granted. Appellant has duly perfected this appeal asserting the existence and breach of the duties alleged in his pleadings, and further, that the trial court erroneously premised its judgment upon the former rule of law that an occupier of land had no duty to warn of open and obvious dangers.

It is undisputed that the steel joist from which Jenkins fell was located approximately twenty feet above the concrete floor and that no safety nets or other safety devices were utilized. Davis Brothers was, moreover, a reputable roofing company with thirty years of experience.

The president of appellee was familiar generally with the procedures utilized to construct the roof. He also knew that there were some dangers inherent in the performance of the work and had seen roofers on other jobs slip while walking on the beams. Neither appellee's president nor any of its agents supervised, or attempted to supervise, the construction of the roof. Any concerns which appellee had pertaining to the construction of the building's shell were discussed with Predesigned Construction Company, the main contractor, and not with the various subcontractors. On the day of the accident, neither the appellee's president nor any of its agents were present.

A properly erected, non-defective steel beam is not dangerous. There is also no doubt that walking on a steel beam, two inches in width, twenty feet above a concrete floor while carrying roof decking materials is dangerous. The dangerous condition is created by the combination of the beam's height and the manner in which the beam is utilized. The management of height inheres in the work of a roofer just as the management of electrical current inheres in the work of an electrician. In the instant case, the manner in which the steel joist was utilized is analogous to an electrician working with a live wire without a proper ground or insulation. In both instances, the inherent danger is accentuated by the manner in which the work is performed. See: *Abalos v. Oil Development Company of Texas,* 544 S.W.2d 627 (Tex. 1976) (contractor's employee injured while working on moving machinery under the contractor's control); *Shell Chemical Company v. Lamb,* 493 S.W.2d 742 (Tex.1973) (electrical subcontractor's employee killed by electric shock). For these reasons we conclude that the danger in the instant case did not arise from a defect on the premises.

Appellant's theory requires that a duty be imposed upon the occupier of premises to anticipate the methods and procedures by which a subcontractor will perform his work, and to furnish the subcontractor's employees with appropriate safety equipment to guard against hazards inherent in and arising from the work. Appellant would impose an additional duty upon the occupier of premises to supervise and police the subcontractor to insure that appropriate safety precautions were taken.

The imposition of these duties upon an occupier of premises has been rejected repeatedly in this state. Absent exceptional circumstances an occupier of premises, which includes a general contractor, has no duty to warn the subcontractor and his employees of dangers inherent in and arising from the performance of their work. *Abalos, supra* at 631; *Shell, supra* at 747. An occupier of premises can assume that a subcontractor will perform his responsibilities in a safe and workmanlike manner, taking proper care and precautions to assure the safety of his employees. *Blackwell v. Cities Service Oil Co.,* 532 F.2d 1006, 1007 (5th Cir. 1976), *Cady v. E. I. DuPont de Nemours & Co.,* 437 F.Supp. 1030, 1033 (S.D.Tex.1977). There being no evidence of exceptional circumstances, appellant's points of error one and two are overruled.

Appellant asserts that the trial court erred in basing its decision on the "no duty" concept abolished by *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978). Prior to *Parker* there was no duty upon the occupier of premises to warn a person of dangerous conditions which were so open and obvious that, as a matter of law, he was charged with the knowledge and appreciation thereof. *Parker* eliminated consideration of the open and obvious nature of the hazard in the duty context. *Parker* did not abolish, however, the long standing rule, as restated in *Abalos, supra* at 631, that a "plaintiff must prove the existence and violation of a legal duty owed to him by the defendant to establish [negligence] liability." It was the absence of such a duty upon which the trial court premised its judgment.

The judgment of the trial court is affirmed.