**John ZABOROWSKE, Appellant,**

v.

**OES, INC., Appellee.**

**No. 01–86–00841–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 23, 1987.

Mark D. Haas, Hope & Mayes, Conroe, for appellant.

John R. Millard, Dunn, Kacal, Adams, Livingston, Pappas & Law, Houston, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

COHEN, Justice.

Zaborowske sued OES, Inc. for personal injuries he sustained by falling from the roof of a storage shed under construction on OES property. Appellant was employed as an apprentice electrician by Saye Electrical Contractors, Inc., an independent contractor hired by OES to install flood lights at the location. OES moved for summary judgment on the grounds: (1) that it owed appellant no legal duty; and (2) that appellant was contributorily negligent as a matter of law. The trial court granted summary judgment.

Appellant contends that the trial court erred in granting summary judgment. Although the relevant facts in this case are undisputed, we are bound to review the evidence in the light most favorable to the non-moving party. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 593 (Tex.1975).

The record reflects that on September 21, 1983, appellant was preparing to run conduit from electrical panels inside a warehouse owned by OES to the outside lighting that he was installing. OES was constructing a storage shed around the electrical panels, and its roof was just above the top of the electrical panel.

The roof of the storage shed was constructed of two inch by six inch wooden beams. Some of the beams were covered with plywood, and some were not. Appellant testified by deposition that he had to get on the shed's roof in order to see behind the electrical panels to determine whether there was room to run the conduit. Once on the roof, appellant had to leave the covered portion and stand on the beams. When a beam that he was standing on twisted away, appellant fell approximately eight feet to the floor below. He landed on top of a beam, and another beam landed on top of him.

The summary judgment does not state its basis. The motion stated several grounds; however, during oral argument in this Court, OES conceded that the judgment's sole basis was that it owed no duty to Zaborowske, an independent contractor, and OES waived reliance on any other ground. Consequently, we must decide whether OES owed a duty of care.

■ A premises owner owes an independent contractor and its employees the duty to use due care to provide a safe place to work. *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425 (1950). This may include a duty to inspect the premises to discover dangerous conditions and a duty to warn of hidden dangers. *Id.*

■ In *Shell Chemical Co. v. Lamb*, 493 S.W.2d 742, 746 (Tex.1973), the court held that:

> The cases in this area fall into two distinct lines. First, there are those cases in which the dangerous condition existed on the premises at the time of the invitee's entry for business purposes or in which the dangerous condition was created by someone or through some means unrelated to the activity of the injured invitee or his employer (subcontractor/invitee). Secondly, there are those cases in which the dangerous condition arose out of the performance of the work for which the subcontractor/invitee was employed.

In the first situation, the invitee has no duty to inspect the premises for concealed danger. Rather, he may rely, as a matter of law, on the premises owner to discharge his duty to inspect the premises and to warn of any dangerous condition. This duty is imposed on the premises occupier because he is in a better position than the invitee to know of or discover hidden dangers on his premises. *Id.* at 746–47.

The facts in this case fall within the first situation described in *Lamb*. In *Union Carbide Corp. v. Burton*, 618 S.W.2d 410, 413–14 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd. n.r.e.), a tire repairman was injured when a tire exploded as he worked on it. The tire was on a truck owned by Carbide and located on its premises. The court held that Carbide owed a duty to the independent contractor because the tire that exploded was, until then, exclusively controlled by the owner; because the tire's defective condition arose before the contractor entered the premises; and because the contractor did not create the dangerous condition as part of his work. The court concluded that Carbide was in a superior position, compared to the independent contractor, "to know of or discover the hidden dangerous conditions on [its] premises." 618 S.W.2d at 413. The court wrote:

> There is a distinction between those dangers inherent in the work of an independent contractor, such as the danger of falling from a steel beam while engaged in the construction of a roof, and those dangers or defective conditions which an independent contractor might possibly encounter but which arise out of or result from some act or failure to act upon the part of an owner or occupier of premises.

618 S.W.2d at 413.

■ Here, the dangerous condition was the loose beam. The evidence reflects that appellant exercised no control over the beam or storage shed, that the alleged defect existed before he entered the premises, and that he did not create the condition as part of his work. Rather, this was a condition that an independent contractor might possibly encounter, but that resulted from an act or omission by the premises occupier. *Id.* Under these circumstances,

OES had a duty to use reasonable care to inspect and discover the allegedly dangerous condition, and to warn appellant of the danger. *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 30 Tex.Sup.Ct.J. 269, 271 (1987).

The cases relied on by appellee, *Pence Construction Corp. v. Watson*, 470 S.W.2d 637 (Tex.1971); *Abalos v. Oil Development Co.*, 544 S.W.2d 627 (Tex.1967); *Jenkins v. Fritzler Development Corp.*, 580 S.W.2d 63 (Tex.App.—Houston [1st Dist.] 1979, writ ref'd. n.r.e.); and *Hailey v. Missouri, K & T R.R. Co.*, 70 S.W.2d 249 (Tex.Civ. App.—Fort Worth 1934, writ ref'd.), are distinguishable. In each, the independent contractor was injured by a condition that he or a fellow contractor created, not because of a premise defect.

In *Pence*, the court held that the vent opening in the roof through which the employee fell was not a premises defect that required the contractor to warn the subcontractor and his employees, because the condition was created by the work of the subcontractor in roofing the building. In *Abalos*, the court held that the premises owner had no duty to warn an independent contractor's employee of a dangerous situation created by the employee while using machinery under the contractor's control. The opinion noted that, unlike the present case, no mechanical defects or hidden dangers were claimed. 544 S.W.2d at 631. In *Jenkins*, this Court held that the premises owner had no duty to warn an employee of a roofing sub-contractor of the danger of falling from the roof because it was a condition created by and inherent to the employee's roofing work. The opinion noted that, unlike the present case, no allegations were made that the beam from which the plaintiff fell was defective or improperly incorporated into the structure. 580 S.W.2d at 64. In *Hailey*, the court held that the premises owner had no duty to warn an employee of an independent contractor injured by a cave-in while constructing a railroad underpass, because the danger of a cave-in was created by the excavation work of the contractor.

In the instant case, unlike those above, the allegedly dangerous condition existed before appellant entered the premises. It was not caused by or inherent in his work. He alleged that the dangerous condition he encountered was created by OES. These facts distinguish this case from *Shell Chemical Co. v. Lamb*, 493 S.W.2d at 747. Although the "management of height inheres in the work of a roofer just as the management of electrical current inheres in the work of an electrician," *Jenkins*, 580 S.W.2d at 65, the management of height does not, as a matter of law, inhere in the work of an electrician. In *Union Carbide v. Burton*, the danger to a tire mechanic working on a tire was more inherent to that task than the danger here was to the task of an electrician. On stronger facts than these, the *Burton* court declined to hold, as a matter of law, that no duty existed.

We hold that the trial court erred in granting the summary judgment because OES failed to establish, as a matter of law, that it owed no duty of due care to Zaborowske.

■ We disagree with the contention that appellant's response to the summary judgment motion did not raise a fact issue because it contained no controverting affidavits. Neither party filed affidavits. Both relied on depositions, which were specifically cited and are before this Court. The relevant facts are undisputed, and the issue is adequately presented by the record before us.

Appellant's point of error is sustained.

The judgment is reversed, and the cause is remanded to the trial court.