Earnest J. WADDY, Jr., Plaintiff,

v.

MOBIL OIL CORPORATION, Mobil Gypsum Aggregate, Mobil Gypsum Pug Mill and Mobil Mining & Minerals, Defendants.

Civ. A. No. H–89–1949.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 11, 1990.

Helm, Pletcher, Hogan, Bowen & Saunders, John W. Odam, Houston, Tex., for plaintiff.

Clann Bell & Murphy, Douglas W. Lyons, Michael C. Farrow and Gerald J. Kimmitt, Houston, Tex., for defendants.

Richard Curtiss, Houston, Tex., for intervenor.

## SUMMARY JUDGMENT

HOYT, District Judge.

Pending before the Court is defendants', Mobil Oil Corporation, Mobil Gypsum Aggregate, Mobil Gypsum Pug Mill, and Mobil Mining & Minerals ("Mobil") Motion for Summary Judgment. Having considered defendants' motion and the plaintiff's, Earnest J. Waddy, Jr., response thereto, the record on file, and the applicable law, the Court is of the opinion that summary judgment should be granted in favor of Mobil.

### FACTUAL BACKGROUND

This is a personal injury action brought by the plaintiff, Earnest J. Waddy, Jr. Mr. Waddy was employed as a truck driver by Jack Cogbill, Inc. Cogbill contracted with defendants to provide trucking services for Mobil's facility in Pasadena, Texas. The plaintiff was injured while trying to tarp his trailer after his trailer was loaded with gypsum at Mobil's facility. Tarping a trailer entails pulling a tarp over a truck's trailer to cover the product loaded, and is done to keep the product from flying out of the trailer and onto the streets and highways as the truck transports the product.

*Contentions of the Parties*

The plaintiff has sued defendants alleging that as premises owner and/or occupier they instructed Mr. Waddy to place a protective tarp on his trailer. While in the process of placing the tarp on his truck, the plaintiff maintains that he slipped and fell off of the truck, sustaining serious bodily injuries. Furthermore, the plaintiff contends that the negligence of one or more of the defendants through their agents, employees or representatives was a proximate cause of the occurrence in question and the resulting injuries and damages sustained by the plaintiff.

The defendants maintain that they exercised no control whatsoever over the tarping procedure. Further, the defendants allege that they did not own, operate or maintain the trailer involved. Based on the foregoing, the defendants maintain that they owed no duty to the plaintiff and cannot be held liable for his injuries.

### AUTHORITIES AND DISCUSSION

Federal Rule of Civil Procedure, Rule 56(c) permits the entry of a summary judgment in a case where the pleadings, depositions and other discovery as well as any affidavits show that no genuine issue exists as to any material fact. If no genuine issue as to any material fact exist and the movant is entitled to prevail as a matter of law, the entry of a summary judgment is warranted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Federal Deposit Insurance Corp. v. First National Finance,* 587 F.2d 1009 (9th Cir.1978). The party seeking summary judgment bears the initial responsibility of pointing out to the Court evidence which demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. The non-moving party must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial'." *Id.*

In order to establish tort liability on the part of a defendant a plaintiff must prove the existence and violation of a legal duty owed by that defendant. *Coleman v. Hudson Gas and Oil Corporation,* 455 S.W.2d 701, 702 (Tex.1970); *Bryant v. Gulf Oil Corp.,* 694 S.W.2d 443, 445 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). The threshold question, therefore, is whether Mobil owed a duty to Mr. Waddy, Cogbill's employee.

The existence of a legal duty under a given statement of facts and circum-

stances is essentially a question of law for the Court. *Gray v. Baker & Taylor Drilling Co.*, 602 S.W.2d 64, 65 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *Abalos v. Oil Development Co.*, 544 S.W.2d 627, 631 (Tex.1976); *Jackson Associated Developers of Lubbock*, 581 S.W.2d 208, 212 (Tex. Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *Webb v. City of Lubbock*, 380 S.W.2d 135, 136 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.).

The general rule applicable to owner/occupier situations, such as the present case, is that such owner/occupier is not an insurer, and where an individual's injury arises out of the performance of work for which an independent contractor is employed and while that activity is being conducted by and under the control of that contractor, the duty to protect the employees of the contractor is that of the contractor and not of the owner/occupier. *Abalos,* 544 S.W.2d at 627, 631; *Shell Chemical Company v. Lamb*, 493 S.W.2d 742, 746 (Tex.1973). However, there are two exceptions to this general rule, both of which the plaintiff relies on in its claim against defendant.

■ The first exception exist when a party is an owner/occupier of land and the plaintiff is an invitee: such a defendant owes a duty to exercise ordinary care to maintain the premises in a reasonably safe condition or to warn the invitee of any dangerous conditions which the owner/occupier knows or should know about and which are not reasonably apparent to the invitee. *Sun Oil Co. v. Massey*, 594 S.W.2d 125, 128–29 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The rationale for the occupier's duty in this situation is the occupier's superior position to know of or to discover hidden or dangerous conditions on his premises. *Shell Chemical*, 493 S.W.2d at 747.

In support of this argument, plaintiff contends that:

Even if defendant did not exert sufficient supervisory control over plaintiff's work to incur a legal duty to exercise such supervisory control with reasonable care (which plaintiff denied), defendant still owed plaintiff a legal duty to maintain its

premises in a safe condition and to provide plaintiff with proper safety devices and safe facilities to protect plaintiff's safety as he tarped his load.

This duty to keep the premises in a safe condition may subject an owner/occupier to direct liability for negligence in two situations: (1) those arising from a premises defect and, (2) those arising from an activity or instrumentality. *J.A. Robinson Sons, Inc. v. Ellis*, 412 S.W.2d 728 (Tex. Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Moore v. Texas Company*, 299 S.W.2d 401 (Tex.Civ.App.—El Paso 1956, writ ref'd n.r.e.). This is not, contrary to the plaintiff's repeated assertions to the contrary, a premises defect case. Rather, this case involves an injury caused by an activity conducted on the premises.

■ The general rule is that an owner/occupier does not have a duty to see that an independent contractor performs work in a safe manner. *Abalos*, 544 S.W.2d at 627.

... [W]here the activity is conducted by, and is under the control of, an independent contractor, and where the danger arises out of the activity staff, the responsibility or duty is that of the independent contractor, and not that of the owner of the premises. *Id.* at 631 (citing *Shell Chemical Company v. Lamb*, 493 S.W.2d 742 (Tex.1973)).

However, an owner/occupier owes a duty of reasonable care to employees of its "independent contractor" with respect to such person's performance of work on the owner/occupier's premises if the owner/occupier exerts some amount of control over the "independent contractor's" work.

■ In the present case, the plaintiff admits that Mobil exercised no control over the manner in which the plaintiff tarped his truck. The plaintiff stated, under oath that he was entirely free to do the tarping in his own manner and method and no Mobil employee witnessed or supervised the procedure. Moreover, the plaintiff testified that his fall was caused by a clip that broke as he tried to tarp the trailer. In addition, Mr. Waddy's testimony establish-

es that the trailer, clips and cable were owned and/or maintained by Cogbill and that the defendants did not own or control the equipment that caused him to fall. An occupier of premises is entitled to assume that a contractor will perform his responsibilities in a safe and workman-like manner, taking proper care and precautions to assure the safety of his employees. *Jenkins v. Fritzler Development Corp.*, 580 S.W.2d 63, 65 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Absent exceptional circumstances, an occupier of premises has no duty to warn an independent contractor's employees of dangers which arise from the performance of their work. *Id.* There are no such exceptional circumstances proffered in this case.

■ The second exception to the general rule of occupier nonliability exists when the employer exercises control over and directs the details of the performance of the independent contractor's work. *Shell Oil Company v. Waxler*, 652 S.W.2d 454, 457 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Remuda Oil & Gas Co. v. Nobles*, 613 S.W.2d 312, 315 (Tex.Civ.App.—Fort Worth 1981, no writ); *J.A. Robinson Sons, Inc.*, 412 S.W.2d at 728.

In such a case, the employer must exercise reasonable care for the safety of employees of the independent contractor. *Allen v. Texas Electric Service Company*, 350 S.W.2d 866, 867–68 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). It is upon this exception that the plaintiff places primary emphasis in its cause of action against the defendants.

In support of his argument as to the applicability of this exception, the plaintiff alleges that the defendant's instructions through its employee or agent and general plant policy required the plaintiff to tarp his load before leaving defendant's facility. Further, plaintiff maintains, that such direction and policy constitutes sufficient supervisory control over the plaintiff's work such as to impose a legal duty upon the defendant to exercise reasonable care with respect to the provision of safety devices to be used in tarping a load. The Court disagrees.

■ The owner/occupier owes a duty of reasonable care to the employees of its "independent contractor", with respect to such person's performance of work on the owner/occupier's premises, if the owner/occupier exerts some control over the "independent contractor's" work. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985). As premises owner, the defendants had the right to assume that the independent contractor would take the necessary precautions to assure the safety of its employees. *Jenkins v. Fritzler Development Corp.*, 580 S.W.2d 63, 65 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

There is no evidence that Mobil retained or exercised any supervisory control over the manner in which Cogbill tarped its trailer. This fact is undisputed.

In plaintiff's summary judgment response, he maintains: "the fact that plaintiff was not told explicitly how to tarp his load is completely irrelevant to the present inquiry. Requiring the plaintiff to tarp his load before leaving the facility constitutes an exertion of sufficient supervisory control such as to impose a legal duty upon the defendant to exercise such supervisory control with reasonable care." Nevertheless, the evidence shows that the plaintiff was required to tarp his load by his own employer, Cogbill. In fact, it was the policy of Cogbill, according to its Safety Director, to require all of its drivers to tarp their trailers before leaving any facility with a load. Moreover, Cogbill instructed its drivers on how to tarp their trailers. This requirement applied regardless of who owned the facility at which the truck was loaded. Furthermore, state law requires the plaintiff to tarp his trailer. Tex.Rev. Civ.Stat.Ann. art. 6701d–11 § 3A(d) (Vernon Supp.1990).

CONCLUSION

This Court is of the opinion that the defendants exercised no control whatsoever over the manner in which the plaintiff tarped his trailer. Therefore, the defendant owed no duty to provide safety racks

and other safety devices to protect plaintiff while he tarped his load.

Because the defendants owed no duty of reasonable care relative to the plaintiff's duties and responsibilities, all other contentions and assertions raised by the plaintiff to this action are rendered MOOT.

It is ORDERED that summary judgment be, and same is hereby, GRANTED in favor of defendants, Mobil Oil Corporation, Mobil Gypsum Aggregate, Mobil Gypsum Pug Mill and Mobil Mining & Minerals.

It is further ORDERED that Earnest J. Waddy, Jr. take nothing with respect to his claims against Mobil Oil Corporation, Mobil Gypsum Aggregate, Mobil Gypsum Pug Mill and Mobil Mining & Minerals.

This is a FINAL JUDGMENT.